No. 89–6347. SMITH *v.* DUGGER, SECRETARY, FLORIDA DEPARTMENT OF CORRECTIONS, ET AL. C. A. 11th Cir. Certiorari denied. JUSTICE BLACKMUN dissents and would grant certiorari.

JUSTICE MARSHALL, with whom JUSTICE BRENNAN joins, dissenting.

In *Enmund* v. *Florida*, 458 U. S. 782, 797 (1982), we held that imposing a death sentence on a defendant "who does not himself kill, attempt to kill, or intend that a killing take place" violates the Eighth and Fourteenth Amendments' prohibitions against cruel and unusual punishment. In *Cabana* v. *Bullock*, 474 U. S. 376, 390–391 (1986), the Court reaffirmed and expanded upon *Enmund*, holding that the federal courts could not make the determination that a defendant met one of the *Enmund* criteria on their review of state-court judgments. Rather, we held that "the State's judicial process leading to the imposition of the death penalty must at *some* point provide for a finding of that factual predicate." 474 U. S., at 390–391. In *Tison* v. *Arizona*, 481 U. S. 137, 158 (1987), this Court held that a showing of both reckless indifference to human life and major participation in a felony would be sufficient to satisfy *Enmund*. The Court refused to make those findings itself, however, instead remanding to the state courts for a determination whether those factors were present. 481 U. S., at 158.

In this case, the Court of Appeals for the Eleventh Circuit found that *Enmund*, *Cabana*, and *Tison* were satisfied solely on the basis of the Florida Supreme Court's determination that there was sufficient evidence from which the jury *could* have found that

defendant had the intent to kill. In refusing to review the decision below, this Court sanctions a grave departure from our precedents by a panel of a court with a major role in the administration of this Nation's death penalty law. Accordingly, I dissent.

Respondent does not dispute the basic rule that a State may not sentence to death a defendant "who does not himself kill, attempt to kill, or intend that a killing take place," *Enmund, supra,* at 797, unless that defendant was a major participant in a felony and exhibited reckless indifference to human life, *Tison, supra,* at 158. Nor does respondent suggest that a federal court may make the required finding. Instead, the issue in this case is whether a state court's conclusion that "there was sufficient evidence from which the jury could have found [Smith] guilty of premeditated murder," *Smith* v. *State,* 424 So. 2d 726, 733 (1983), constitutes the culpability finding required by our cases.

The entirety of the Eleventh Circuit's reasoning on this point is that "[i]mplicit in [the Florida Supreme Court's sufficiency] finding is the conclusion that Smith had the intent to kill." 840 F. 2d 787, 793 (1988). Simply asserting a conclusion is hardly sufficient to justify it, especially where, as here, the conclusion is so plainly farfetched. The Florida court's finding that the evidence was sufficient for Smith's jury to find him guilty of premeditated murder is nothing more than a finding that reasonable people *could* have found that verdict justified; it is emphatically not a finding that this jury *did* determine that Smith's acts were premeditated. Indeed, the *Cabana* Court rejected as insufficient a state court's statement far more conclusive than the one here. There, the Mississippi Supreme Court found that " '[t]he evidence [was] overwhelming that [defendant] was an active participant in the assault and homicide.'" *Cabana,* 474 U. S., at 389. Although this finding was "sufficient to make [the defendant] liable for the murder and deserving of the death penalty in light of Mississippi law," it did not satisfy the Eighth Amendment. *Ibid.*

That the Florida court did not make the required finding is particularly apparent from an examination of its opinion as a whole. In response to an unrelated guilt-phase point of error, the court found that Smith could have been found guilty and sentenced to death on either of two theories, one of which was the felony-murder doctrine. 424 So. 2d, at 731. "Under this theory the jury would not have needed to conclude that [Smith] had the req-

uisite intent." *Id.*, at 731–732. The Florida Supreme Court's sufficiency determination thus in no way establishes that Smith's jury found the essential factual predicate to a death verdict under *Enmund*, especially in light of the court's acknowledgement that the jury was instructed that it could convict Smith regardless of his intent.*

It is tempting to view the Eleventh Circuit's ruling in this case as an unfortunate aberration that should be disregarded as such. Perhaps such a hope has informed this Court's decision to deny certiorari. Nonetheless, the refusal to review the decision below has important consequences. A panel of a Court of Appeals with jurisdiction over the death penalty statutes of three States has equated a state appellate court's finding that there was sufficient evidence from which a jury could have found intent to kill with a finding that the defendant did in fact intend to kill. The panel came to that conclusion notwithstanding that the jury was instructed that it could return a sentence of death even if it did *not* believe that Smith had the requisite intent. Sufficiency of the evidence claims are routinely made in state death penalty appeals, and state appellate courts invariably will have to make a sufficiency finding in the course of their review. To permit such a finding to satisfy *Enmund*, *Cabana*, and *Tison* is to eviscerate their protections. Because I do not think it seemly or sensible for this Court to permit a significant violation of the Eighth Amendment to stand, simply on the hope that it will have no effect beyond the immediate case, I dissent.

Even if I did not believe that this case otherwise merited review, I would adhere to my view that the death penalty is in all circumstances cruel and unusual punishment prohibited by the Eighth and Fourteenth Amendments, *Gregg* v. *Georgia*, 428 U. S. 153, 231 (1976) (MARSHALL, J., dissenting). I would therefore grant the petition for certiorari and vacate the death sentence in this case.

---

*Of course, after *Tison* v. *Arizona*, 481 U. S. 137 (1987), the Florida courts were not required to find that Smith intended to kill in order to satisfy the Eighth Amendment. A finding that he was recklessly indifferent to human life and a major participant in the felony would have satisfied *Tison*. *Id.*, at 158. The Florida courts did not even *purport* to make the finding required by *Tison*, however. The only finding in the Florida courts on which respondent relies is the finding that there was sufficient evidence from which the jury could have found Smith guilty of premeditated murder.